

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARMEUSE LIME AND STONE, INC.

VERSUS

ECOPRODUCT SOLUTIONS, L.P.

CIVIL ACTION

NO. 07-742-JVP-CN

## ORDER

Plaintiff, Carmeuse Lime and Stone, Inc., filed this breach of contract action in federal district court, alleging diversity jurisdiction under 28 U.S.C. § 1332 (Original complaint, ¶ 3). Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interests and costs and claims that the parties are diverse for purposes of diversity jurisdiction because plaintiff is a Delaware corporation with its principle place of business in Pittsburgh, Pennsylvania, and defendant, upon information and belief, "is a Texas limited partnership with its principal place of business in St. Gabriel, Louisiana" (Complaint, ¶¶ 1-3).

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen V. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). A federal district court must always first address the issue of its subject matter jurisdiction. See *e.g.*, *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.

1999). For a district court of the United States to exercise jurisdiction based on the diversity statute, 28 U.S.C. § 1332, all defendants must be diverse from the plaintiff. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

A limited partnership assumes the citizenship of each of its partners for the purposes of diversity jurisdiction. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 865 (5th Cir. 2003); See also *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990) (holding that, for diversity purposes, the citizenship of an artificial entity depends on the citizenship of "the several persons composing such association"). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

The record is currently insufficient to establish whether the parties are diverse for purposes of diversity jurisdiction. Therefore, plaintiff, Carmeuse Lime and Stone, Inc., is hereby **ORDERED** to amend the complaint within 10 days of this date to allege additional facts establishing the citizenship of defendant, EcoProduct Solutions, L.P.

Baton Rouge, Louisiana, November 25, 2008.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA